IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00759-PAB
(Criminal Case No. 14-cr-00249-PAB-2)

UNITED STATES OF AMERICA,

v.

2. ADAN RAMIREZ,

    Defendant/Movant.

## ORDER TO SHOW CAUSE

Movant Adan Ramirez has filed, *pro se*, a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 ("§ 2255 motion") [Docket No. 226] challenging the validity of his criminal convictions and sentence. The Court construes Movant's filing liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Movant will be ordered to show cause why his § 2255 motion should not be denied.

## I. PROCEDURAL HISTORY

Movant was convicted, pursuant to his guilty plea, of one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count 1); one count of possession with intent to distribute and distribution of 5 grams or more of methamphetamine, or aiding and abetting the same, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2 (Count 2);

two counts of possession with intent to distribute and distribution of 50 grams or more of methamphetamine (actual), or aiding and abetting the same, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(B) (Counts 3 & 4), and one count of possession and carrying of a firearm in furtherance of a drug trafficking crime, or aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2 (Count 5). Docket No. 205. On March 3, 2016, the Court sentenced Movant to an aggregate 144-month term of imprisonment (84 months for each of counts 1 through 4, to be served concurrently, and 60 months for count 5, to be served consecutively). *Id.* Judgment was entered the following day. *Id.* An Amended Judgment was entered on March 9, 2016. Docket No. 207. Movant did not file a direct appeal.

On April 2, 2018, Movant filed his § 2255 motion asserting the following five claims:

>  (1) The Supreme Court's decision in *Dean v. United States* (No. 15-9260) (S. Ct. April 3, 2017), permits this Court to resentence Petitioner pursuant to §2255(f)(3);
>
>  (2) § 2255(a) Misinformation; 2255(a) allows this Court to grant Petitioner relief;
>
>  (3) Ineffective Assistance of Counsel;
>
>  (4) Due Process;
>
>  (5) The Rule of Lenity.

Docket No. 226.

## II. ANALYSIS

### A. <u>Timeliness</u>

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

The limitation period shall run from the latest of–

>   (1)  the date on which the judgment of conviction becomes final;
>
>   (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's conviction became final under § 2255(f)(1), at the latest, on March 23, 2016, fourteen days after the amended judgment was entered. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment). Thus, pursuant to § 2255(f)(1), the one-year period elapsed on March 23, 2017. S*ee United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (adopting the anniversary method for calculating the one-year limitation period in § 2255(f)). Therefore, the § 2255 motion, filed on April 2, 2018, is untimely if the one-year limitation period began to run when the conviction became final.

3

Movant argues that commencement of the one-year limitation period was delayed until April 3, 2017, when the Supreme Court decided *Dean v. United States*, --- U.S. ----, 137 S. Ct. 1170 (2017). *See* § 2255(f)(3). In *Dean*, the Court considered "whether, in calculating the sentence for the predicate offense, a judge must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)." 137 S.Ct. at 1174. The Court held that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." *Id.* at 1176-77.

Movant's attempt to invoke the holding in *Dean* to delay the commencement of the one-year limitation period is unavailing. First, the Court notes that the holding in *Dean* does not apply to Movant's arguments. Movant argues that he should receive a lower sentence on Count 5, which is the § 924(c) firearm charge that carries a statutory mandatory minimum sentence. However, nothing in *Dean* would allow a Court to impose a lower sentence for a § 924(c) violation.

Further, even if the *Dean* holding was applicable to Movant's claims, he has not demonstrated that the decision affects the timeliness of his §2255 motion. Under § 2255(f)(3), the one-year limitation period will begin to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Although the Tenth Circuit has not addressed the issue, numerous other courts have concluded that *Dean* is not retroactively applicable to cases on

collateral review.  *See, e.g., United States v. Wilcoxson*, 2018 WL 912253, at *3 (D. Or. Feb. 15, 2018) (holding that *Dean* is not retroactively applicable on collateral review and that *Dean* merely reaffirms the clearly-established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of a statutory mandatory minimum sentence); *United States v. Cooley*, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12, 2017) (concluding *Dean* was not retroactively applicable to cases on collateral review and, therefore, did not satisfy the criteria of § 2255(f)(3)); *United States v. Thornbrugh*, 2017 WL 3976295, at *2 (N.D. Okla. Sept. 8, 2017) ("The Supreme Court did not expressly make *Dean* retroactively applicable to cases on collateral review, and no court has found that *Dean* applies retroactively.  Even if it did apply retroactively, *Dean* does not state a mandatory rule that would entitle defendant to a sentencing reduction and merely reaffirms the clearly-established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of statutory mandatory minimum sentence."); *United States v. Taylor*, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017)("*Dean* does not apply retroactively to § 2255 proceedings."); *Hall v. United States*, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) ("The *Dean* Court made no mention of applying its holding retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such."); *Simmons v. Terris*, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017) ("[T]here is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review."); *In re Dockery*, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017)

(denying certification because the defendant did not make "a *prima facie* showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *United States v. Adams*, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017) (dismissing the defendant's § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings); *Morban–Lopez v. United States*, 2017 WL 2682081, at *2 n.2 (W.D.N.C. June 21, 2017) ("[T]he Supreme Court's ruling in *Dean* does not render the motion to vacate timely under Section 2255(f)(3).").

This Court adopts the reasoning of these cases. The Supreme Court did not indicate in *Dean* that its decision was retroactively applicable on collateral review. In addition, *Dean* merely reaffirms the clearly-established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of a statutory mandatory minimum sentence. Accordingly, the Court concludes *Dean* is not retroactively applicable on collateral review and, therefore, does not satisfy the requirements of § 2255(f)(3) or render Defendant's Motion timely.

Movant does not allege any facts to show that the one-year limitation period should commence at a date pursuant to §§ 2255(f)(2) or (4). Consequently, the § 2255 motion is time-barred unless equitable tolling applies.

The statutory limitation period in § 2255 is not jurisdictional and is subject to equitable tolling if the Movant can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *United States v. Grealish*, 559 F. App'x 786 (10th Cir. May 27, 2014) (unpublished) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (applying equitable tolling to the one-year

6

statute of limitations in 28 U.S.C. § 2244)).   Furthermore, to demonstrate he has pursued his claims diligently, a prisoner must "allege with specificity the steps he took to diligently pursue his federal claims."   *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted).   Movant bears the burden of demonstrating that equitable tolling is appropriate in this action.   See *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also U.S. v. Garcia-Rodriguez*, 275 F. App'x 782, 784 (10th Cir. April 28, 2008) (unpublished) (relying on *Yang* for conclusion that the movant in a § 2255 motion bears the burden to show specific facts in support of a claim of extraordinary circumstances and due diligence).   Equitable tolling also may be appropriate if the movant is actually innocent.   See *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

In addition to his misplaced reliance on *Dean*, Movant argues that he did not timely file a motion for postconviction relief because his attorney informed him that he was not allowed to file an appeal or bring a claim for postconviction relief.   An attorney's misconduct or "egregious behavior" may, in some circumstances, "create an extraordinary circumstance that warrants equitable tolling."   *Holland*, 560 U.S. at 651, 130 S. Ct. 2549; *see also Fleming v. Evans,* 481 F.3d 1249, 1256 (10th Cir.2007) (finding limitations period could be tolled when attorney repeatedly affirmatively represented that he was preparing a petition to be filed).   However, "[s]imple excusable neglect is not sufficient" to meet this standard.   *Gibson*, 232 F.3d at 808; *see also Holland*, 560 U.S. at 651-52, ("We have previously held that 'a garden variety claim of excusable neglect' . . . does not warrant equitable tolling." (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990))); *Jackson v. Kaiser,* 229 F.3d 1163, *3 n.3 (10th Cir. 2000) (equitable

7

tolling not warranted even when attorneys clearly err by misleading their clients about AEDPA's statute of limitations); *Reynolds v. Hines,* 55 F. App'x 512 (10th Cir. 2003) (habeas petitioner's attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstance entitling the petitioner to equitable tolling). In order to justify equitable tolling, the attorney's conduct must constitute far more than a "garden variety claim of excusable neglect." *Holland,* 560 U.S. at 652.

Movant's arguments regarding erroneous advice from his attorney do not rise to the level of egregiousness necessary to justify equitable tolling. Therefore, Movant will be directed to show cause why the § 2255 motion should not be denied as untimely.

### B. Plea Agreement Waiver

Furthermore, Movant fails to address the fact that he waived his right to bring many of the claims asserted in his §2255 Motion. In his Plea Agreement, Movant agreed to waive his right to challenge his conviction and sentence on direct appeal or in a post-conviction motion, except for a few specific circumstances. Docket No. 120 at 4. He retained the right to pursue a claim of ineffective assistance of counsel. *Id.* The collateral-attack waiver in his plea agreement states, in relevant part:

> [T]his defendant knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence or the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. §2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that the defendant was denied the effective assistance of counsel; or (3) there is a claim of prosecutorial misconduct. Finally, if the

>Government appeals the sentence imposed by the Court, the
>defendant is released from these waiver provisions.

Docket No. 120 at 4.

A collateral-challenge waiver in a plea agreement is enforceable unless it would result in a miscarriage of justice. See *United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. Dec. 15, 2016) (unpublished) (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) and *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (explaining that four exceptions listed in *Hahn* are exclusive means to establish miscarriage of justice). Movant will also be directed to show cause why, even if his § 2255 motion was timely filed or he is entitled to equitable tolling, the waiver in the Plea Agreement should not be enforced for all of his claims except the ineffective assistance of counsel claim.

## III. ORDERS

For the reasons discussed above, it is

**ORDERED** that Movant shall show cause, in writing, **within thirty days of this Order**, why the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 226] should not be denied as time-barred under 28 U.S.C. § 2255(f), and why the waiver in the Plea Agreement should not be enforced. It is further

**ORDERED** that, if Movant fails to respond to this Order by the court-ordered deadline, the § 2255 Motion will be denied without further notice.

DATED April 17, 2018.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge