IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00249-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. ADAN RAMIREZ,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on defendant Adan Ramirez's Request for Compassionate Release [Docket No. 250] and Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 274].  The government has filed a response opposing the motion for reduction of sentence [Docket No. 280].  Mr. Ramirez has filed a reply [Docket No. 283].

**I. BACKGROUND**

    On February 25, 2015, Mr. Ramirez pled guilty to counts one through five of the indictment: (1) conspiracy to possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; (2) possession with intent to distribute 5 grams of more of methamphetamine (actual) or aiding or abetting the same, in violation of  21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; (3) possession with intent to distribute 50 grams of more of methamphetamine (actual) or aiding or abetting the same, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; (4) possession with intent to distribute 50 grams of more of methamphetamine (actual) or aiding or abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; (5) possession and carrying a firearm in furtherance of a drug trafficking crime or aiding or abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(A)(i), and 2.  Docket Nos. 1, 119, 120.  On March 3, 2016, the Court sentenced Mr. Ramirez to 84 months imprisonment on counts one through four, to be served concurrently, and 60 months imprisonment on count five, to be served consecutively, for a total of 144 months imprisonment, followed by five years of supervised release.  Docket No. 203.  The sentence is to be served concurrently with Mr. Ramirez's state court cases 2008CR606, 2009CR3254, and 2009CR3274 from Denver County.  Docket No. 205 at 3.  Assuming good time credit, Mr. Ramriez's projected release date is May 24, 2026.  Docket No. 280 at 2. Defendant is currently incarcerated at the Federal Correctional Institution in Sandstone, MN.  Docket No. 274 at 2.

On April 20, 2020, defendant filed a pro se motion for compassionate release.[1] Docket No. 250.  On September 14, 2020, defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) through counsel.  Docket No. 274.

Defendant is 36 years old and represents that his obesity makes him particularly vulnerable to COVID-19.  *Id.* at 2, 5; *see also* Docket Nos. 276 (medical records from Bureau of Prisons).  On this basis, defendant requests that the Court grant him

---

[1] Defendant's pro se motion seeks compassionate release based on the COVID-19 pandemic.  Docket No. 250.  Because the motion for compassionate release filed through counsel is also based on the COVID-19 pandemic, *see* Docket No. 274 at 1, the Court interprets it as superseding defendant's pro se motion.

2

compassionate release, reduce his sentence to time served, and modify the terms of his supervised release to allow him to reside at home with his wife.  Docket No. 274 at 2.

## II.  ANALYSIS

Under § 3582(c)(1)(A)(i), known as the "compassionate release" provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  That requirement is satisfied here.  Defendant submitted a request for compassionate release due to his obesity and the COVID-19 pandemic to his case manager on May 12, 2020.  Docket No. 274-1 at 1.  The warden denied this request on May 19, 2020.  Docket No. 274-2 at 1.  Defendant appealed the denial on June 1, 2020, Docket No. 274-3 at 1, which the warden denied on July 10, 2020. Docket No. 274-4 at 1.  A defendant may proceed in court either by fully appealing a denial or by waiting thirty days after the warden receives a request.  *See, e.g.*, *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the

3

appeals available to them."). Defendant's pro se motion was filed before he exhausted his administrative remedies, but because the Court construes his September 14, 2020 motion filed through counsel to supersede his pro se motion, the exhaustion requirement has been met as to his superseding motion.

The government concedes that the exhaustion requirement is met. Docket No. 280 at 5. Accordingly, the Court has jurisdiction to consider the motion.

## A. Extraordinary and Compelling Reasons

The Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction: (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n.1. Defendant is 36 years old, 5' 11" tall, and weighs approximately 268 pounds, resulting in a body mas index ("BMI") of 37.4.[2] Docket No. 274 at 2, 5. Defendant's medical reports state that he snores loudly at night and wakes up gasping for air with a sore throat, but indicate that he will not be admitted to a sleep apnea study unless he reduces his BMI to 28.[3] Docket No. 276 at 1. Defendant argues

---

[2] Defendant alternates between stating that he has obesity and severe obesity. The Centers for Disease Control and Prevention ("CDC") defines obesity as a BMI between 30 ant 40, and severe obesity as a BMI over 40. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited Jan. 15, 2021). Accordingly, the Court will consider defendant to be obese, not severely obese.

[3] Defendant's request for compassionate release to the warden states that he has a bad knee and is "borderline diabetic," Docket No. 274-1 at 2, but his motion does not argue these conditions, *see* Docket No. 274 at 5, and the medical records supplied do not contain any information on these conditions. *See generally* Docket No. 276. As such, the Court finds that these conditions do not constitute "extraordinary and compelling" reasons for release.

that his obesity qualifies as an extraordinary and compelling reason for a sentence reduction in light of the current COVID-19 pandemic. Docket No. 274 at 5. The Sentencing Commission has explained that a defendant's medical condition may be an extraordinary and compelling reason warranting a sentence reduction where

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is (I) suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A).

Defendant claims that his obesity, in combination with COVID-19, is a "terminal illness" within the meaning of U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Docket No. 274 at 5-6. However, defendant has presented no evidence that his obesity is "terminal" and that he cannot recover from it. *See id.* To the contrary, his medical records contain advice from medical professionals for defendant to lower his calorie intake and increase exercise in order to meet the BMI threshold of 28 to be considered for a sleep apnea study. Docket No. 276 at 5. Defendant fails to cite any authority for the proposition that obesity is a terminal illness. *See generally* Docket No. 274. And defendant, although quoting the language of U.S.S.G. § 1B1.13, cmt. n.1(A)(ii), has not argued that his obesity substantially diminishes his ability for self care. *See* Docket No. 274 at 4-6; *United States v. Fitzgerald*, No. 18-cr-00266-PAB-3, 2020 WL 6743771, at *2 (D. Colo. Nov. 17, 2020) (finding obesity not to be terminal and analyzing motion for

compassionate release under Subsection D instead of Subsection A). Accordingly, the Court finds that Subsection A is not the proper vehicle to analyze defendant's motion and will instead analyze it pursuant to Subsection D of the policy statement.

Subsection D allows for release pursuant to extraordinary or compelling reasons, other than those set out in subsections (A)-(C), "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D). "[T]he BOP has issued Program Statement 5050.50 (2019), which lists factors which the BOP uses in determining whether extraordinary and compelling reasons exist for compassionate release." *United States v. Turns*, 2020 WL 2519710, at *3 (S.D. Ohio May 18, 2020). "BOP Program Statement 5050.50 identifies several nonexclusive factors to determine whether 'other' extraordinary and compelling reasons exist: the defendant's criminal and personal history, nature of the offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'" *Saldana*, 807 F. App'x at 819 (quoting BOP Program Statement 5050.50 at 12 (2019)).

Mr. Ramirez does not specifically argue that these subsection D factors weigh in favor of compassionate release, but instead argues that his obesity, combined with the COVID-19 pandemic, constitutes an extraordinary and compelling reason for compassionate release. *See* Docket No. 274 at 6. Because the list of factors set out in Program Statement 5050.50 is nonexclusive, the Court will consider whether Mr. Ramirez has met his burden "to prove that h[is] medical conditions create extraordinary and compelling reasons warranting a sentence reduction." *United States v. Edington*, No. 19-cr-00174-REB-1, 2020 WL 2744140, at *4 (D. Colo. May 27, 2020).

"The existence of the COVID-19 pandemic no doubt can be described as 'extraordinary' insofar as it is [b]eyond what is usual, customary, regular, or common." *United States v. Gonzalez*, No. 18-cr-00130-PAB, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (internal quotation marks omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Edington*, 2020 WL 2744140, at *2; *see also United States v. Bolze*, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) ("[T]he COVID-19 pandemic cannot present an extraordinary and compelling reason alone because the policy statement directs courts to consider individual reasons for compassionate release, not general threats to the prison population.").

Defendant points to reports indicating that obesity is a leading risk factor for complications and hospitalizations due to COVID-19.[4] The CDC has determined that obesity increases the risk of severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*,

---

[4] Mr. Ramirez suggests that, because he is Hispanic and male, he is at higher risk of serious illness or death from COVID-19. Docket No. 274 at 6. The CDC notes that "[l]ong-standing systemic health and social inequities have put many people from racial and ethnic minority groups at increased risk of getting sick and dying from COVID-19." Centers for Disease Control and Prevention, *Health Equity Considerations and Racial and Ethnic Minority Groups*, July 24, 2020, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html However, the Court is not persuaded that either of these characteristics qualifies as a risk factor or comorbidity. *See United States v. Harris*, 2020 WL 7122430, at *8 (D. Kan. Dec. 4, 2020) ("[Defendant] has not explained how this COVID-19 patient data and inequities in social determinants of health show that *he* faces more risk from COVID-19 because he is a Black American."); *United States v. Lamas*, 2020 WL 5593839, at *2 (D. Kan. Sept. 18, 2020) (defendant's status as "a minority male does not constitute a risk factor for COVID-19 in the same way that an underlying medical condition does.").

7

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last visited Jan. 15, 2021).

While some courts have concluded that morbid obesity is an extraordinary and compelling reason justifying release during the COVID-19 pandemic, others have not. *Compare United States v. Jackson*, 2020 WL 3396901, at *6 (N.D. Ind. June 19, 2020) (granting release for 31-year old inmate with BMI of 47, high blood pressure, and history of respiratory illness), *and United States v. Hayes*, 2020 WL 4001903, at *3 (E.D. Mich. July 15, 2020) (noting that "obesity alone qualifies as a recognized risk factor" and granting release), *with United States v. Pride*, No. 16-cr-076-WJM, 2020 WL 3971652, at *2 (D. Colo. July 14, 2020) (denying release for 37-year old inmate with obesity and hypertension), *and United States v. Sanchez*, 2020 WL 7711911, at *4 (D.N.M. Dec. 29, 2020) (finding obesity, in conjunction with high blood pressure, high cholesterol, sleep apnea, and age, was insufficient to demonstrate extraordinary and compelling circumstances).

This Court has declined to find extraordinary and compelling reasons for compassionate release where the defendant's only condition was obesity, as opposed to severe obesity or obesity in combination with other conditions. *Compare Gonzalez*, 467 F. Supp. 3d at 1081 (finding no extraordinary and compelling reasons where defendant had BMI of 33.9 and no other comorbidities), *with United States v. Campanella*, No. 18-cr-00328-PAB-12, 2020 WL 4754041, at *3 (D. Colo. Aug. 17, 2020) (finding extraordinary and compelling reasons, but labeling it a "close call," where defendant had no documented risk factors besides BMI of 45.52), *and Fitzgerald*, 2020 WL 6743771, at *3-4 (finding extraordinary and compelling reasons where defendant

8

had BMI of 39.8, hypertension, and epilepsy). While Mr. Ramirez's obesity undoubtedly places him at higher risk, Mr. Ramirez is 36 years old and does not present any evidence of risk factors besides obesity. See Docket No. 274 at 5. The Court finds that Mr. Ramirez has failed to demonstrate that his medical conditions create extraordinary and compelling reasons to grant him compassionate release.

In addition, the Court finds that the other compassionate release factors under subsection D – the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and "[w]hether release would minimize the severity of the offense," *Saldana*, 807 F. App'x 816, 819 – do not weigh in favor of release.

Mr. Ramirez has a long history of convictions related to driving without a license or under restraint as well as other misdemeanors. Docket No. 183 at 8-12. While these offenses are not particularly serious, more concerning is his pattern of failing to comply with the terms of post-conviction supervision. See, e.g., *id.* at 11-12 (probation revoked for failing to comply with terms of probation). In addition, Mr. Ramirez has a more recent history of felony convictions, which, combined with this case, show an escalation of the seriousness of his criminal conduct. He has felony convictions for second degree aggravated motor vehicle theft, possession of a controlled substance, aggravated motor vehicle theft, and aggravated robbery with possession of a real or simulated weapon. *Id.* at 9-13. In the aggravated robbery case, Mr. Ramirez robbed a convenience store while armed with a revolver. *Id.* at 13. In this case, Mr. Ramirez

requested that his co-defendant, Mr. Varela, accompany him to the narcotics transaction to act as armed protection for him. *Id.* at 5.

The Court sentenced Mr. Ramirez to 84 months on counts one through four, to be served concurrently, but imposed a consecutive sentence of 60 months for possession of a firearm in furtherance of drug trafficking. Docket No. 203. The seriousness of the offenses is reflected in Mr. Ramirez's total sentence of 144 months, of which he has only served around 45%. Docket No. 280 at 7. The Court finds that releasing Mr. Ramirez now would minimize the seriousness of his offenses. *See Delacruz v. United States*, 2020 WL 3270503, at *5 (D.N.H. June 17, 2020) (finding sentence reduction would minimize impact and seriousness of offense where defendant had only served half of his sentence). Thus, the Court concludes that Mr. Ramirez has not demonstrated extraordinary and compelling circumstances under U.S.S.G. § 1B1.13, cmt. n.1(D) so as to entitle him to release under 18 U.S.C. § 3582(c)(1)(A).

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Adan Ramirez's Request for Compassionate Release [Docket No. 250] is **DENIED AS MOOT**. It is further

**ORDERED** that defendant Adan Ramirez's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Docket No. 274] is **DENIED**.

DATED January 19, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge