IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00249-PAB-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.   ADAN RAMIREZ,

      Defendant.

_____

**ORDER**
_____

      This matter is before the Court on defendant Adan Ramirez's Motion for

Compassionate Release Due to COVID-19 Health Concerns, Excessively "Hard"

Incarceration Time, Exemplary Rehabilitation Efforts Pursuant to 18 U.S.C.

§ 3582(c)(1)(A) and Appointment of Counsel [Docket No. 317].  The government has

filed a response opposing the motion.  Docket No. 324.

## I.  BACKGROUND

      On February 25, 2015, Mr. Ramirez pled guilty to counts one through five of the

indictment: (1) conspiracy to possess with intent to distribute 50 grams or more of

methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; (2)

possession with intent to distribute 5 grams of more of methamphetamine (actual) or

aiding or abetting the same, in violation of  21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18

U.S.C. § 2; (3) possession with intent to distribute 50 grams of more of

methamphetamine (actual) or aiding or abetting the same, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; (4) possession with intent to distribute 50 grams of more of methamphetamine (actual) or aiding or abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2; and (5) possession and carrying a firearm in furtherance of a drug trafficking crime or aiding or abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(A)(i), and 2.  Docket Nos. 1, 119, 120.  On March 3, 2016, the Court sentenced Mr. Ramirez to 84 months imprisonment on counts one through four, to be served concurrently, and 60 months imprisonment on count five, to be served consecutively, for a total of 144 months imprisonment, followed by five years of supervised release.  Docket No. 203.  The sentence is to be served concurrently with Mr. Ramirez's state court cases 2008CR606, 2009CR3254, and 2009CR3274 from the District Court of Denver County, Colorado.  Docket No. 205 at 3. Mr. Ramirez's projected release date is May 24, 2026.  *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  Defendant is currently incarcerated at the United States Penitentiary in Yazoo City, Mississippi.[1]  *Id.*

On April 20, 2020, defendant filed a pro se motion for compassionate release. Docket No. 250.  On September 14, 2020, defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) through counsel.  Docket No. 274.  On January 19, 2021, the Court denied these motions.[2]  Docket No. 285 at 10-11.  On March 21, 2022, defendant filed another pro se motion for compassionate release (the

---

[1] Defendant was previously incarcerated at FCI Sandstone in Sandstone, Minnesota.  Docket No. 285 at 2.

[2] The Court refers to these collectively as the "2020 motions."

"2022 motion").  Docket No. 317.  On April 6, 2022, the government responded.  Docket No. 324.

In his 2020 motions, defendant argued that his obesity made him particularly vulnerable to COVID-19 and requested that the Court reduce his sentence to time served.  Docket No. 274 at 2, 5; *see also* Docket Nos. 276 (medical records from Bureau of Prisons).  In his 2022 motion, defendant argues that the Bureau of Prisons ("BOP") response to COVID-19 has placed him at undue risk and that serving 72 months would be sufficient but not greater than necessary to comport with the sentencing factors in 18 U.S.C. § 3553(a).[3]  Docket No. 317 at 1, 8.  The government raises four arguments in response to defendant's motion: (1) res judicata; (2) failure to exhaust; (3) defendant's vaccination status; and (4) failure to state a basis for compassionate release.  Docket No. 324 at 3.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion for a reduction of sentence by the defendant or the director of the BOP if three requirements are met.  *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers

---

[3] The title of defendant's motion includes a request for the appointment of counsel, *see* Docket No. 317 at 1, but defendant makes no argument along these lines. Accordingly, to the extent the motion can be construed as requesting counsel, it is denied.

the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.* at 1043.

Additionally, a district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant.[4]  *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release.  *See id.* (reasoning that, because the guidelines are not "applicable" they "cannot constrain district courts' discretion" (citation omitted)).  However, a court may conclude that the application notes to U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'"  *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

---

[4] Defendant's pro se motion acknowledges caselaw to this effect, *see* Docket No. 317 at 5-6, while the government's response argues that the policy statement is binding.  *See* Docket No. 324 at 6.

## III.  ANALYSIS

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted).  "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances."  *Id*.; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release.").

The Court first addresses exhaustion because the government contests it.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021) (holding that exhaustion under § 3582(c)(1)(A) is a claim-processing rule rather than jurisdictional); *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2. (10th Cir. Oct. 19, 2021) (unpublished) ("But the exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here.").

In its previous order, the Court found that Mr. Ramirez satisfied the exhaustion requirement by making a request for compassionate release, which the FCI Sandstone warden denied on May 19, 2020, and by appealing this denial in June 2020.  Docket No. 285 at 3-4.  Defendant makes two arguments regarding exhaustion in his 2022 motion: (1) his request to the warden in May-June 2020 qualifies as exhausting administrative remedies for his 2022 motion, and (2) exhaustion should be excused in

5

light of the COVID-19 pandemic. Docket No. 317 at 4-5. For the following reasons, the Court rejects both arguments.

Almost two years have passed since defendant requested compassionate release from the warden of FCI Sandstone. *See id.* at 21 (requesting compassionate release on May 12, 2020). The Court denied defendant's 2020 motions on the merits on January 19, 2021. Docket No. 285. Defendant states that, in addition to his May 2020 request to the warden, he "has further requested compassionate release and has been denied by BOP." Docket No. 317 at 4. Defendant, however, does not provide a copy of this request or denial, *see generally* Docket No. 317, and the government represents that USP Yazoo City has no record of Mr. Ramirez making a compassionate release request since his May 2020 request. Docket No. 324 at 6-7. The Court has no basis to conclude that Mr. Ramirez exhausted his administrative remedies before filing his 2022 motion. *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021) ("But the July 2020 request served as the predicate for Keller's first motion in the district court, which was denied in September 2020, and could not have initiated the administrative process for his January 2021 motion, which was itself premised on Keller's claim of changed circumstances."); *United States v. Duran*, 2022 WL 844433, at *1 (D. Utah Mar. 22, 2022) ("Defendant's exhaustion as to his original motion does not serve as a basis for exhaustion of his renewed motion."); *United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) ("Successive compassionate release motions must independently satisfy the exhaustion requirement.") (collecting cases). Accordingly, the Court finds that defendant did not administratively exhaust before bringing his 2022 motion.

Defendant additionally argues that "the exhaustion requirement can be excused in this case."  Docket No. 317 at 4.  Defendant cites a number of out-of-circuit cases for this proposition.  *See id.* at 4-5.  "In this circuit, however, § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."  *United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) (collecting cases).  Accordingly, the Court will not waive the exhaustion requirement.

For these reasons, the Court finds that defendant has not exhausted his administrative remedies and will deny defendant's motion without prejudice.[5]  *See Cain*, 2021 WL 388436, at *4 (noting that dismissal without prejudice is proper when a defendant fails to comply with the exhaustion requirement).

## IV.   CONCLUSION

For the foregoing reasons, it is

---

[5] To the extent defendant's motion could be considered a motion for reconsideration of the Court's January 19, 2021 order, the Court would deny the motion.  Defendant received two doses of the Pfizer-BioNTech COVID-19 vaccine in March 2021 and a booster shot of the same vaccine in February 2022.  Docket No. 325 at 51; Docket No. 325-1 at 63.  Additionally, defendant tested positive for COVID-19 in January 2022.  Docket No. 325-1 at 56.  There is no indication that the vaccine is ineffective for defendant or that he suffered severe symptoms when he contracted COVID-19, and the Court accordingly would not find extraordinary or compelling reasons warranting a sentence reduction in these circumstances.  *See United States v. McRae*, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (unpublished) ("Given the effectiveness of COVID-19 vaccines, we agree with the Sixth and Seventh Circuits that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.'"); *United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (declining to consider defendants' vaccination status on appeal, but noting that "there is certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons.'"); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

ORDERED that defendant Adan Ramirez's Motion for Compassionate Release Due to COVID-19 Health Concerns, Excessively "Hard" Incarceration Time, Exemplary Rehabilitation Efforts Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Appointment of Counsel [Docket No. 317] is **DENIED without prejudice**.

DATED April 12, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge